# Exhibit A

**Attachment B**

**Mutual Arbitration Agreement**

This Mutual Arbitration Agreement ("Agreement") is entered into between Facebook, Inc. and its current or future parents, subsidiaries, affiliates, successors and assigns (collectively, "Employer" or "Company") and the employee named below ("Employee"). Employer and Employee may be collectively referred to herein as "Parties" or "we," and each may be referred to individually as a "Party."

**Claims Covered by the Agreement**

Employer and Employee agree to arbitrate before a neutral arbitrator any and all existing or future disputes or claims between Employee and Employer, that arise out of or relate to Employee's recruitment, employment or separation from employment with Employer, including claims involving any current or former officer, director, shareholder, agent or employee of Employer, whether the disputes or claims arise under common law, or in tort, contract, or pursuant to a statute, regulation, or ordinance now in existence or which may in the future be enacted or recognized, including, but not limited to, the following claims ("Covered Claims"):

- claims for fraud, promissory estoppel, fraudulent inducement of contract or breach of contract or contractual obligation;
- claims for wrongful termination of employment, violation of public policy, constructive discharge, infliction of emotional distress, misrepresentation, conversion, embezzlement, interference with contract or prospective economic advantage, defamation, unfair business practices, and any other tort or tort-like causes of action relating to or arising from the employment relationship or termination thereof;
- claims for discrimination, harassment or retaliation, whether on the basis of age, sex, race, national origin, religion, disability or any other unlawful basis, under any and all federal, state, or municipal statutes, regulations, ordinances or common law, including but not limited to Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Workers Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, and including claims under the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, Section 1981 of the Civil Rights Act, and the Worker Adjustment and Retraining Notification Act.
- claims for non-payment, incorrect payment, or overpayment of wages, commissions, bonuses, severance, and employee fringe benefits, stock options, stock grants and the like, whether such claims be pursuant to alleged express or implied contract or obligation, equity, or any federal, state, or municipal laws concerning wages, compensation or employee benefits, claims of failure to pay wages for all hours worked, failure to pay overtime, failure to pay wages due on termination, failure to provide accurate, itemized wage statements, entitlement to waiting time penalties and/or any other claims involving employee compensation issues.
- claims arising out of or relating to the grant, exercise, vesting and/or issuance of equity in the Company or options to purchase equity in the Company.

**Claims Not Covered by the Agreement**

Notwithstanding the above, we agree that the following disputes and claims are not covered by this Agreement and shall therefore be resolved in any appropriate forum as required by the laws then in effect:

- claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance;
- claims for temporary or preliminary injunctive relief (including a temporary restraining order) in aid of arbitration or to maintain the status quo pending arbitration, in a court of competent jurisdiction in accordance with applicable law;
- claims relating to Employer's or Employee's intellectual property;
- any other dispute or claim that has been expressly excluded from arbitration by statute.

Nothing in this Agreement should be interpreted as restricting or prohibiting the Employee from filing a charge or complaint with the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the Department of Labor, the Occupational Safety and Health Commission, or any other federal, state, or local administrative agency charged with investigating and/or prosecuting complaints under any applicable federal, state or municipal law or regulation (except that the parties acknowledge that the Employee may not recover any monetary benefits in connection with any such claim, charge or proceeding). A federal, state, or local agency would also be entitled to investigate the charge in accordance with applicable law. However, any dispute or claim that is covered by this Agreement but not resolved through the federal, state, or local agency proceedings must be submitted to arbitration in accordance with this Agreement.

**Time To File Claims**

We understand and agree that any demand for arbitration by either the Employee or Employer shall be filed within the statute of limitation that is applicable to the claim(s) upon which arbitration is sought or required. Any failure to demand arbitration within this time frame and according to these rules shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration.

**Class, Collective or Representative Action Waiver**

To the extent permitted by law, no claims may be brought or maintained on a class, collective or representative basis either in a court of law or arbitration, notwithstanding the rules of the arbitral body. The Parties expressly waive any right with respect to any Covered Claims to submit, initiate, or participate as a plaintiff, claimant or member in a class action or collective action, regardless of whether the action is filed in arbitration or in a court of law.

Any issue concerning the validity of the class action, collective action or representative action waiver in this Agreement, and whether an action may proceed as a class, collective or representative action, must be decided by a court of law, and an arbitrator shall not have authority to consider the issue of the validity of this waiver or whether the action may proceed as a class, collective or representative action. If for any reason this class action, collective action or representative action waiver is found to be unenforceable, the class action, collective action or representative action claim may only be heard in a court of law and may not be arbitrated. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Employee may opt out of the class, collective or representative action waiver by signing and returning Addendum 1, according to the instructions provided in the Addendum, within 30 days of signing this Agreement.

**Final and Binding Arbitration**

WE UNDERSTAND AND AGREE THAT THE ARBITRATION OF DISPUTES AND CLAIMS UNDER THIS AGREEMENT SHALL BE INSTEAD OF A COURT TRIAL BEFORE A JUDGE AND/OR A JURY. We understand and agree that, by signing this Agreement, we are expressly waiving any and all rights to a trial before a judge and/or a jury regarding any disputes and claims which we now have or which we may in the future have that are subject to arbitration under this Agreement. We also understand and agree that the arbitrator's decision will be final and binding on both Employer and Employee, subject to review on the grounds set forth in the Federal Arbitration Act ("FAA").

**Arbitration Procedures**

We understand and agree that the arbitration shall be conducted in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA"), including its Optional Rules for Emergency Measures of Protection, to the extent not inconsistent with the terms of this Agreement. The Parties agree that those rules shall not be construed to allow class, collective or representative arbitration, and that a court, rather than the arbitrator, shall decide class, collective and representative action related issues; provided, however, that the arbitrator shall allow the discovery authorized under the Federal Rules of Civil Procedure or any

other discovery required by state law in arbitration proceedings. Also, to the extent that any of the Employment Arbitration Rules and Mediation Procedures of the AAA or anything in this Agreement conflicts with any arbitration procedures required by law, the arbitration procedures required by law shall govern. Employee and Employer also agree that nothing in this Agreement relieves either of them from any obligation they may have to exhaust certain administrative remedies before arbitrating any claims or disputes under this Agreement.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party.

Either party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render a written award and opinion. The written award and opinion shall be confidential and not available to the public.

Either party shall have the right, within 20 days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have 20 days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the motion and, promptly, either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the parties.

The Arbitration Rules and Mediation Procedures of the AAA may be found on the Internet at www.adr.org/employment. A printed copy of these rules is also available upon request.

**Place of Arbitration**

We understand and agree that the arbitration shall take place in the county in which the Employee worked at the time the arbitrable dispute or claim arose, unless the parties agree to another mutually convenient location.

**Governing Law**

We understand and agree that the Employer is engaged in transactions involving interstate commerce and that this is an agreement governed by the FAA. To the extent not inconsistent with the FAA, this Agreement and its interpretation, validity, construction, enforcement and performance, as well as disputes and/or claims arising under this Agreement, shall be governed by the law of the state where Employee works or worked at the time the arbitrable dispute or claim arose.

**Costs of Arbitration**

We understand and agree that to the extent required by law, the Employer will bear the arbitrator's fee and any other type of expense or cost that Employee would not be required to bear if the dispute or claim was brought in a court of law, as well as any other expense or cost that is unique to arbitration. If Employee is the party initiating the claim, Employee is responsible for contributing an amount equal to the filing fee to initiate a claim in the court of general jurisdiction in the state in which Employee is (or was last) employed by Employer. Employer and Employee shall each pay their own attorneys' fees incurred in connection with the arbitration, and the arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law. If there is a dispute as to whether Employer or Employee is the prevailing party in the arbitration, the arbitrator will decide this issue.

**Severability**

We understand and agree that if any term or portion of this Agreement shall, for any reason, be declared by a Court of competent jurisdiction to be invalid or unenforceable or to be contrary to public policy or any law, such a

decision shall only be binding in the jurisdiction in which the decision was made. In addition, the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, as if the invalid or unenforceable term or portion thereof had not existed within this Agreement.

**Complete Agreement**

We understand and agree that this Agreement contains the complete agreement between Employer and Employee regarding the subject of arbitration of disputes, except for any arbitration agreement in connection with any benefit plan; that it supersedes any and all prior representations and agreements between us, if any; and that it may be modified only in a writing, expressly referencing this Agreement and Employee by full name, and signed by the Employee and the Employer's General Counsel.

**Not A Contract of Employment**

This Agreement is not, and shall not be construed to create, any contract of employment, express or implied. Nor does this Agreement in any way alter the "at-will" status of Employee's employment.

[THIS SPACE INTENTIONALLY LEFT BLANK]

**facebook**

CONSIDERATION

      We understand that arbitration is a speedy, cost-effective procedure for resolving disputes and have entered into this Agreement in the anticipation of gaining the benefit of this dispute resolution procedure.  This Agreement is supported by the parties' mutual promises to submit any claims they may have against the other that are covered by this Agreement to final and binding arbitration, rather than to have them decided in court before a judge or jury.

**Knowing and Voluntary Agreement**

      WE UNDERSTAND AND AGREE THAT WE HAVE BEEN ADVISED TO CONSULT WITH AN ATTORNEY OF OUR OWN CHOOSING BEFORE SIGNING THIS AGREEMENT, AND WE HAVE HAD AN OPPORTUNITY TO DO SO.  WE AGREE THAT WE HAVE READ THIS AGREEMENT CAREFULLY AND UNDERSTAND THAT BY SIGNING IT, WE ARE WAIVING ALL RIGHTS TO A TRIAL OR HEARING BEFORE A JUDGE OR JURY OF ANY AND ALL DISPUTES AND CLAIMS SUBJECT TO ARBITRATION UNDER THIS AGREEMENT.


Date:  April 24, 2017

*Nana Akyaa Amoah*
Employee Signature

 Nana Akyaa Amoah
Employee Name (Please Print)


Facebook, Inc.

[signature]

Date: April 24, 2017

By: Miranda Kalinowski

Title: VP, Global Recruiting



**Addendum 1**

**OPT - OUT FORM**

Employee's Full Name:  _____

I have read Facebook's Mutual Arbitration Agreement ("Agreement"), and I elect to opt out of the class, collective or representative action waiver contained in the Agreement.  I understand that in order to opt out, I must fill out, sign, and date this page and email a copy of this page to onboard@fb.com within 30 days of signing the Agreement.

SIGNATURE: _____

DATE:               _____